SIGNED.

Dated: January 7, 2013

*James M. Marlar*

**James M. Marlar, Chief Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re:

THOMAS FERNANDEZ and JAMIE FERNANDEZ,

Debtors.

Chapter 7

No. 0:12-bk-19916-JMM

**MEMORANDUM DECISION**

## INTRODUCTION

Before the court is the Trustee's motion for disgorgement of excess or unreasonable fees paid to Debtors' attorney (ECF No. 20). This court has the authority to review fees paid to Debtors' counsel pursuant to 11 U.S.C. § 329. After notice and hearing and review of the entire case, this court now rules.

## PROCEDURE

This case presents a "core" proceeding to the court. 28 U.S.C. § 157(b)(2)(A).

## FACTS

The Debtors filed their Chapter 7 petition on September 6, 2012.

Debtors' counsel received a fee of $2,380. The Debtors' schedules were reflective of more involvement, as the Debtors owned real property, and were both employed. They owned two vehicles.

The Trustee's concerns here deal with the allegation that the attorney assisted her clients in transforming non-exempt assets into exempt assets, and then inaccurately reported the values of the newly-acquired items. In addition, the Trustee ferreted out an additional--and undisclosed--$1,000 paid to the attorney, which she responds was for an unrelated civil matter.

The Trustee is correct on all fronts. An attorney must be candid and openly honest in all matters presented to the court. The $1,000 paid for the unrelated matter was required to be disclosed in questions 3 or 9 of the statement of affairs. This was dishonest not to report it. Nor was it reported in the amendments filed on October 17 and November 5, 2012 (ECF Nos. 18, 25).

## **CONCLUSION**

As a sanction for non-disclosure of the $1,000 paid for the alleged unrelated matter, the court will order a sanction of $1,000 to be paid to the Trustee, for distribution to creditors. For failure to accurately describe property values, knowing about the conversion of non-exempt assets to exempt ones, the Debtors' attorney is penalized $500, as a reduction of her fee of $2,380.

Counsel shall disgorge $1,500 to the Trustee within 30 days for distribution to creditors. Once received, the Trustee shall file a receipt with the court. A final order will be separately entered. Any appeal must be filed within 14 days after its entry on the docket. FED. R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.

To be NOTICED by the BNC ("Bankruptcy Noticing Center") to:

Attorney for Debtors
Debtors
Trustee
Office of the U.S. Trustee